Patuleia v. Sun Life                    CV-95-358-M    01/19/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Rosanne Patuleia,
        Plaintiff,

        v.                                          Civil No. 95-358-M

Sun Life Assurance Company of Canada,
        Defendant.


O R D E R


        Plaintiff, Rosanne Patuleia, originally brought this action in the New Hampshire Superior Court, seeking a declaration of entitlement to certain disability benefits under a group insurance policy issued by defendant, Sun Life Assurance Company of Canada ("Sun Life").  Sun Life removed the case, asserting federal question jurisdiction based on preemption of plaintiff's state law claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.  Sun Life now moves the court to dismiss plaintiff's state law claims on grounds of ERISA preemption.


**Discussion**

        Plaintiff was formerly employed by New London Trust, FSB, where she participated in the New London Trust, FSB Employee

Benefit Plan (the "Plan"). Plaintiff does not appear to dispute the fact that the Plan is an employee welfare benefit plan, governed by ERISA, established by her former employer, and funded by a group insurance plan issued by Sun Life.

At some time during the course of her employment, plaintiff became disabled. She made a claim for, and received benefits under the Plan. Subsequently, she and her two minor children began receiving Social Security disability benefits. Apparently, Sun Life then reduced her monthly benefits under the Plan by the amount of Social Security benefits she and her children were receiving. Plaintiff claims that Sun Life is without authority to reduce her benefits in that manner.

Plaintiff's state court writ and her objection to defendant's motion to dismiss are somewhat confusing. Nevertheless, it appears that in support of her position, she relies upon a "certificate of insurance" which Sun Life provided to her. According to plaintiff, that document governs Sun Life's legal obligations to her and does not reserve the right to set-off her disability payments against monies received from Social Security. She acknowledges, however, that a document which she

2

refers to as the "Group Policy" does permit Sun Life to make such a set-off.[1]

Plaintiff asserts that her claim for insurance benefits under the group policy issued by Sun Life is based entirely upon state law and wholly independent of the Plan. She is mistaken. Her claim is one for benefits under the Plan and is, therefore, governed by ERISA. Plaintiff's right to receive disability benefits is defined and limited by the Plan. Sun Life merely provides the insurance coverage which <u>funds</u> some (or, possibly,

---

[1] Unfortunately, plaintiff has not attached to her pleadings copies of the documents upon which she relies. Based upon the documents submitted by defendant, however, it is reasonable to infer that she points to a discrepancy between the provisions of the Plan, on the one hand, and the group insurance policy issued by Sun Life which funds the Plan's obligations to its participants, on the other. The so-called "certificate of insurance" appears to be the Plan itself (and the summary plan description). The "group policy" appears to be the insurance policy issued by Sun Life which provides funding for the Plan's obligations.

It would seem, therefore, that plaintiff is seeking benefits under the Plan which may be owed, but not funded by the Sun Life group insurance policy. Of course, that does not necessarily mean that she is not entitled to such benefits. It simply suggests that she <u>may</u> be pursuing the wrong party. Obviously, however, that is a determination for plaintiff to make, at least in the first instance. Based upon the limited record presently before the court, it is impossible to determine the precise nature of plaintiff's claims and/or the appropriate defendant(s).

all) of the Plan's obligations to its participants.  This fact is clearly stated in the summary plan description provided by New London Trust to its employees.  Exhibit A to Defendant's Response (document no. 8), at 58-61.

Plaintiff's request for declaratory relief in the form of a judicial interpretation of the nature, scope, and limitations upon her right to receive disability payments "relates to" an ERISA-governed employee welfare benefit plan established by her former employer, New London Trust.  Accordingly, her claims against Sun Life, which were brought pursuant to N.H. RSA 491:22, are preempted.  See Schuyler v. Protective Life Insurance Co., No. 92-192-M, slip op. at 7-12 (D.N.H. July 23, 1993) (generally discussing the scope of ERISA's preemption of state law claims and specifically addressing its preemption of claims arising under N.H. RSA 491:22).  Plaintiff's attention is also called to the court's (DiClerico, J.) opinion in Spinella v. Unum Life Insurance Co., No. 94-411-JD, slip op. (D.N.H. July 14, 1995), in which the plaintiff raised claims very similar to those which plaintiff seems to be presenting in this case.  Finally, plaintiff is encouraged to review the civil enforcement provisions of ERISA, 29 U.S.C. §1132.

4

## Conclusion

Defendant's motion to dismiss (document no. 4) is granted. On or before February 16, 1996, plaintiff shall file a well pleaded complaint (in federal form) setting forth her claims, if any, under ERISA. She is also granted leave until that date to name additional defendants (e.g., the Plan, its administrator, etc.), if the addition of such defendants is warranted under ERISA.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 19, 1996

cc: Michael C. Shklar, Esq.
Donald A. Burns, Esq.

5